STATE OF MISSOURI, Respondent, *vs.* BERNHARD N. STERNBERG, Appellant.

1. *Jury—Unchallenged juryman found in panel after swearing of jury—What action of court proper—Const. Stat.*—Where, after a jury is sworn, but before any evidence has been taken, it transpires that in place of a juryman duly examined and selected, another has unauthorizedly taken his place without challenge or examination, the court should, on objection being made, discharge the latter and substitute the former juryman, and have the jury re-sworn.

Section 3 of the Jury Act (Wagn, Stat., 797, § 3) has no application to such case.

*Appeal from St. Louis Criminal Court.*

*Fisher & Rowell, with Charles P. Johnson,* for Appellant.

*J. C. Normille, Circuit Attorney,* for Respondent.

WAGNER, Judge, delivered the opinion of the court.

The accused was tried and convicted of the crime of embezzlement. It appears from the record that after a jury had been agreed upon, and the list containing the names of the twelve men selected, and handed to the clerk by the attorneys, the court ordered the jury called. The marshal did so, and twelve men came forward and took their seats in the box, and at the direction of the court, the clerk swore them to try the case. After that had been done, and before any evidence had been given, or a witness sworn, the attorneys for the defendant learned that there was a man on the jury who had not been called or examined; they thereupon called the attention of the court to that fact, and upon investigation it turned out that when the name of Wm. Dunnavant was called, who had been examined, selected and accepted, a man by the name of Wm. Schonbeck came forward and took his seat and had been sworn in, a man who had not been called or examined as a juryman at all.

The counsel for the defendant made objection to the jury as then constituted, and to Schonbeck as a juror, but the court said the jury had already been sworn, and he could do nothing but proceed with the trial before the jury as it was, and overruled the objection, and compelled the defendant to go to trial before the jury with Schonbeck on it.

It is very plain that the defendant was not tried by a legal and competent jury. No man can be forced into a trial unless an impartial jury is selected in substantial compliance with law. Mere informalities may well be disregarded, where it is seen that no injustice can result therefrom, but in essential matters going to the substantive rights of the parties, a trial cannot proceed with a jury that the party has never consented to. The law provides that jurors shall be examined touching their qualifications and selected to try the cause.

Challenges are allowed for cause and' peremptorily. But as to the juror Schonbeck, who unauthorizedly took his seat in the jury-box unseen by the parties, and was sworn before the mistake was discovered, he was never examined, he was never selected, and no opportunity was given to challenge him. Admit such a practice and one or more men, utterly disqualified, related to one of the parties having an interest in the result of the trial, or entertaining a prejudice against one side might surreptitiously be foisted on the jury, and there would be no remedy. Such a startling proposition cannot for a moment be allowed. When the mistake was discovered and brought to the attention of the court, and the defendant objected to proceeding further with the jury as then constituted, the court should have promptly discharged Schonbeck from the panel and then called Dunnavant to supply his place and had the jury re-sworn.

We are referred to the third section of the jury law to show that no objection can be made to a jury after it has been sworn; but that section has no application to a case of this kind. It is insisted in this court that the indictment is bad, but we have examined it and find it in the ordinary form, and think it is good. No objections are taken to the instructions, and as the cause will be sent back, it is unnecessary to further notice the argument in regard to certain other proceedings that occurred on the trial, as they will probably not happen again.

Because the jury was illegally constituted, the judgment will be reversed and the cause remanded; the other judges concur.